IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO.: 1:21-cv-____-___

| | |
|---|---|
| **BALD HEAD ISLAND LIMITED, LLC and MITCHELL ISLAND INVESTMENTS,** ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | **NOTICE OF REMOVAL** |
| **IRONSHORE SPECIALTY INSURANCE COMPANY,** ) ) ) | |
| Defendant. ) ) | |

Defendant, Ironshore Specialty Insurance Company ("Ironshore"), hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 and Local Civil Rule 5.3, that it has removed the above-captioned matter to the United States District Court for the Eastern District of North Carolina, Southern Division. A copy of this Notice is being filed with the Clerk of Superior Court of Brunswick County, North Carolina, pursuant to 28 U.S.C. § 1446(b). In support of this Notice, Ironshore states the following:

## PROCEDURAL HISTORY AND CASE BACKGROUND

1. This Civil Action regards whether an insurance contract between Ironshore and Plaintiffs Bald Head Island Limited, LLC and Mitchell Island Investments ("Plaintiffs") requires Ironshore to indemnify Plaintiffs for certain damages Plaintiffs allege they incurred.

2. On or about September 10, 2021, Plaintiffs filed a Complaint against Ironshore in the Superior Court of Brunswick County, North Carolina. The Complaint

1

was assigned case no. 21-CVS-1735 (the "State Court Action"). *See Exhibit A, Copy of Plaintiffs' Complaint (the "Complaint").* Plaintiffs thereafter served the Complaint upon the North Carolina Department of Insurance on or about September 16, 2021. *See Exhibit B, Correspondence from N.C. Department of Insurance.*

3. According to the Complaint, Ironshore issued a commercial property insurance policy bearing the number 003482800 (the "Policy") to Plaintiffs. *See Complaint*, ¶ 7.

4. The Policy was effective from March 8, 2018 through March 8, 2019. *See Exhibit C, certified copy of the Policy.*

5. On or about September 14, 2018, the Complaint alleges that Hurricane Florence impacted certain business property located at 8 Marina Wynd, Bald Head Island, North Carolina, causing certain damage (the "Loss Event"). *See id.*, ¶¶ 25-27.

6. Plaintiffs purportedly provided notice of the Loss Event to Ironshore and requested Ironshore to pay for certain physical damage and loss of business income and extra expense (the "Claim"). *See id.*, ¶¶ 28, 30-31.

7. According to Plaintiffs, Ironshore's subsequent payments, including for physical damage and $702,929 for loss of business income/extra expense, should have also included "lost business income to Plaintiff's real estate brokerage and real estate development operations." *See id.,* ¶ 31. Specifically, Plaintiffs allege they are entitled to an additional $1,231,971.00 relative to its "real estate brokerage and real estate development operations." *See id.*, ¶¶ 43, 46.

8. Plaintiffs' Complaint alleges the following three causes of action against Ironshore:

2

- The First alleges Breach of Contract and seeks damages in excess of $25,000.00, exclusive of interest, costs, and attorney's fees. *See id.*, ¶ 70.

- Plaintiffs' Second Cause of Action alleges violation of North Carolina's Unfair and Deceptive Trade Practices Act and seeks compensatory damages, treble damages, punitive damages, costs, interest, and attorney fees. *See id.*, ¶ 104.

- Plaintiffs' Third Cause of Action alleges Breach of the Common Law Obligation of Good Faith and Fair Dealing and seeks compensatory damages, consequential damages, punitive damages, interest, costs, and attorney fees. *See id.,* ¶ 133.

9. In accordance with the foregoing, including 28 U.S.C. §§ 1332(a)(1), 1446 (b)(3), and 1446 (c)(1), Ironshore removes this matter to this Court based upon diversity jurisdiction.

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

10. Under U.S.C. § 1332(a)(1), this Court has "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." *Id.* Here, both criteria are met.

**A. Complete Diversity of Citizenship Exists.**

11. Plaintiff Bald Head Island Limited, LLC ("Bald Head") is a citizen of Texas and North Carolina. Bald Head alleges in the Complaint that it is a North Carolina Limited Liability Company with its principal place of business in Brunswick County North Carolina.[1] However, a review of Bald Head's Annual Report for 2021 states that Bald Head is a Texas limited liability company with a principal place of business in North

---

[1] *See Ex. A, Complaint,* ¶ 2.

3

Carolina.[2] Also, Bald Head's 2021 Annual Report identifies Bald Head's managers and members as follows: Shirley A. Mayfield, Mark D. Mitchell, Michael K. Mitchell, Charles A. Paul, III, C. Grant Mitchell, Spiros N. Vassilakis, and Mitchell Island Investments, Inc. Shirley A. Mayfield, Mark D. Mitchell, Michael K. Mitchell, and Charles A. Paul, III are citizens of North Carolina, and C. Grant Mitchell, and Spiros N. Vassilakis are citizens of Texas.[3]

12. Plaintiff Mitchell Island Investments, Inc. ("Mitchell Island"), who is identified as a Plaintiff in this action and is also a member of Plaintiff Bald Head, is a citizen of Texas. Mitchell Island alleges in the Complaint that it is a North Carolina limited liability company with its principal place of business in Brunswick County, North Carolina.[4] However, Mitchell Island, which is actually a corporation, is a citizen of the state(s) where it has been incorporated and the state where it has its principal place of business. *See Central West Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). A corporation's "principal place of business" is its "nerve center" or the "home office from which the corporation's officers direct, control, and coordinate the corporation's activities." *See id.* As shown by Mitchell Island's Annual Report for 2021, Mitchell Island is incorporated in Texas, and has a principal place of business in The Woodlands, Texas from where its president, treasurer, and secretary direct, control, and coordinate Mitchell Island's activities.[5]

---

[2] *See Ex. D, Bald Head's 2021 Annual Report.*

[3] *See Ex. D, Bald Head's 2021 Annual Report.*

[4] *See Ex. A, Complaint, ¶ 2.*

[5] *See Ex. E, Mitchell Island's 2021 Annual Report.*

4

13. Thus, Plaintiffs are citizens of North Carolina and Texas for purposes of diversity jurisdiction. *See Central West Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101 (4th Cir. 2011).

14. Ironshore is a domestic, surplus lines insurance corporation organized and existing under the laws of the State of Arizona, with its principal place of business in Boston, Massachusetts. *See Exhibit F, Arizona Secretary of State Business Entity Details. See also Ironshore Corporate Disclosure Statement, which is contemporaneously filed.*

15. Given that Plaintiffs are citizens of North Carolina and Texas, and Ironshore is a citizen of Arizona and Massachusetts, the Parties are citizens of different states, and complete diversity exists.

**B. The Amount in Controversy Exceeds $75,000.00.**

16. As indicated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Specifically, Plaintiffs allege consequential damages totaling approximately $1,231,971.00. *See Complaint*, ¶ 43.

17. Additionally, the damages sought by Plaintiffs through their Causes of Action exceed $75,000.00, before including interest, treble damages, costs, and attorney's fees. *See supra.* Accordingly, the amount in controversy in this Action exceeds the jurisdictional threshold of $75,000.00. *See id.; see also Francis v. Allstate Ins. Co.*, 709 F.3d 362 (4th Cir. 2013) (holding that when the applicable state's law permits the recovery of attorney's fees, such fees may be included when determining whether the matter satisfies the jurisdiction threshold)*; JTH Tax, Inc. v. Frashier*, 624

F.3d 635, 639 (4th Cir. 2010) (holding same); *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272 (6th Cir. 1973) (holding same).

18. Accordingly, the requirements of 28 U.S.C. §1332 are satisfied, as the amount in controversy exceeds $75,000.00.

## LEGAL ARGUMENT

19. As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

20. Pursuant to 28 U.S.C. §1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending. Ironshore, though, does not waive its right to contest venue, including pursuant to 28 U.S.C. §1404.

21. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiffs and shall be contemporaneously filed with the Clerk's Office for the General County of Justice, Superior Court Division of Brunswick County, North Carolina.

22. A copy of the Notice of Removal to Opposing Counsel and the Notice of Filing the Notice of Removal, both of which shall be filed in the State Court action, are attached hereto as Exhibits G and H, respectively.

23. This Notice of Removal is not a waiver of Ironshore's affirmative defenses, including but not limited to the right to contest venue, nor should it be understood or construed as a waiver of any defense Ironshore may have against any of the allegations

6

in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendant, Ironshore Specialty Insurance Company, requests that the above-captioned action be removed from the Superior Court of Brunswick County, North Carolina, to the United States District Court for the Eastern District, Southern Division of North Carolina.

Respectfully submitted this the 18th day of October, 2021.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ T. Nicholas Goanos
T. Nicholas Goanos
NC Bar No.: 45656
Roman C. Harper
NC Bar No.: 53995
11605 North Community House Road, Suite 150
Charlotte, North Carolina 28277
PH: (704) 543-2321
FX: (704) 543-2324
E: tgoanos@butler.legal
E: rharper@butler.legal
*Attorneys for Ironshore Specialty Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **NOTICE OF REMOVAL** was electronically filed with the United States District Court for the Eastern District of North Carolina on the 18th day of October, 2021 by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

>Beaujeaux De Lapouyade, Esq.
>MERLIN LAW GROUP, P.A.
>777 S. Harbour Island Blvd., Suite 950
>Tampa, FL 33602
>PH: (813) 229-1000
>FX: (813) 229-3692
>E: bdelapouyade@merlinlawgroup.com
>*Counsel for Plaintiffs*

>/s/ T. Nicholas Goanos
>T. Nicholas Goanos